IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

TIONNA MONCRIEF,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. C08-0075

ORDER

      This action was commenced with Plaintiff Tionna Moncrief's filing of a Complaint (docket number 3) on July 15, 2008, requesting judicial review of the Social Security Commissioner's decision to deny her application for Title II disability insurance benefits. Prior to filing an answer, the Social Security Commissioner ("Commissioner") filed a Motion to Remand (docket number 6) on October 3, 2008. Specifically, the Commissioner requested remand under sentence six of 42 U.S.C. § 405(g) for de novo hearing and decision because the Commissioner was unable to locate the recording(s) of the administrative hearing conducted in this matter on February 20, 2003. Moncrief did not resist the Commissioner's motion for remand. *See* docket number 7. On October 6, 2008, the Court entered an Order remanding this matter to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for de novo hearing and decision.[1] *See* docket number 8.

---

[1] Interestingly, on December 1, 2008, the Commissioner filed an Answer and Social Security Transcript containing the administrative record in Moncrief's case. *See* docket
(continued...)

1

On March 15, 2010, the Court entered an Order requiring Moncrief to file a report to the Court regarding the status of this case on remand. *See* docket number 15. Moncrief filed a status report on March 25, 2010. *See* docket number 16. In the report, Moncrief's attorneys explained that:

> After this matter was remanded for further proceedings, Mr. Berg attempted to contact the client by letter on at least three occasions. Ms. Moncrief did not respond at all. As he was unable to contact Ms. Moncrief, Mr. Berg withdrew as her attorney. A supplemental hearing was scheduled for September 9, 2009. Ms. Moncrief did not attend the hearing. The hearing will be rescheduled, but no date has been set yet.

*See* Moncrief's Status Report (docket number 16) at 1.

Because the Court is unsure when, or if, the remand for de novo hearing will be rescheduled in this matter, and whether Moncrief still intends to pursue her claim for disability insurance benefits, the Court finds that both the Commissioner and Moncrief are required to show cause why this matter should not be dismissed without prejudice for failure to prosecute. *See* Local Rule 41.d; Federal Rule of Civil Procedure 41(b); *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th 2008) ("A

---

[1](...continued)
numbers 9 and 10. It appears, upon a brief review of the administrative record filed by the Commissioner, that the entire transcript of Moncrief's February 20, 2003 administrative hearing is contained in the Social Security Transcript. *See* docket numbers 10-9 at 46-50 and 10-10 at 1-36. Apparently a second administrative hearing was held on July 29, 2004. The entire transcript of the second administrative hearing also appears to be included in the Social Security Transcript. *See* docket number 10-10 at 37-67. Also on December 1, 2008, the Clerk of Court entered a Social Security Briefing Schedule Order. *See* docket number 11. Nevertheless, prior to filing the Social Security Transcript, the Commissioner requested remand for de novo hearing and decision which the Court granted. As a result, on December 11, 2008, Moncrief filed a Motion to Stay Briefing Schedule pending the remand for de novo hearing and decision. The Commissioner did not object to Moncrief's motion to stay. *See* docket number 13. On December 30, 2008, the Court entered an Order staying the briefing schedule pending the completion of the administrative proceedings on remand. *See* docket number 14.

2

district court may, in its discretion, dismiss an action pursuant to Fed. R. Civ. P. 41(b) if 'the plaintiff fails to prosecute or comply with the Federal Rules or a court order.'"). The Court believes that dismissal without prejudice is particularly appropriate in this case since the remand was for de novo hearing and decision. If Moncrief is awarded benefits by the Commissioner, then her instant action for judicial review is moot. On the other hand, if Moncrief is once again denied benefits, then she can simply file a new action for judicial review.

*ORDER*

IT IS THEREFORE ORDERED that the Commissioner and Moncrief submit a written response to the instant order to show cause no later than fourteen (14) days from the filing of this Order. If no response is filed, then the action will be dismissed without prejudice.

DATED this 1st day of April, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA